UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RECEIVED
NOV 02 2020
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

William Howarth, JR.,
    Plaintiff,

vs.

Kevin Coe,
    Defendant.

Case No. 3:20-cv-00276-JMK

## DECLARATORY COMPLAINT FOR REDRESS

### I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprevation, under color of State law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claim for injunctive relief are authorized by 28 U.S.C. Section 2283 & 2284 and Rule 65, Federal Rules of Civil Procedure.

2. The United States District Court of Alaska is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occured.

### II. PLAINTIFF.

1. Plaintiff, William Howarth, is and was at all times mentioned herein a pretrial detainee of the State of Alaska in the custody of the Department of Corrections. He is currently

confined in Anchorage Correctional Complex West, 1300 East 4th Ave., Anchorage, Alaska 99501.

## III. DEFENDANT

1. Defendant, Kevin Coe, is the attorney representing the Plaintiff in a criminal State case, "State of Alaska v. William Howarth, 3AN-18-08389 CR." He currently works for States Office of Public Advocacy, 900 West 5th Ave., Anchorage, Alaska 99501.

2. The Defendant is sued individually and in his official capacity. At all times mentioned in this Complaint, each Defendant acted under the Color of State law.

## IV. FACTS

1. May 8, 2020, Defendant Kevin Coe sent a cover letter with attached discovery paper documents of 27 pages which majority of each document contained a discription of what police officer's report that was not of the original Complaint of Alaska's Rule 5, Rules of Criminal Procedure requirement.[1]

2. May 18, 2020, Defendant sent Petitioner a status letter update, informing that a Rule 45 speedy trial motion was filed. Indicated within, Defendant provided "For many reasons, I do not believe I will be filing a motion regarding the missing video" as he recognize that it is a "due process violation."[2]

3. July 31, 2020, Defendant sent a status letter, implying that the due process violation may be used as "negotiating leverage."[3]

---

1. Exhibit A
2. Exhibit B
3. Exhibit C

4. Plaintiff, William Howarth, JR., asked Defendant to file Proper motions sanctioning the State Prosecutor for the Due Process violation, which Defendant refused to do so.

5. Defendant's refusal to comply with Plintiff's request violates Alaska's Professional Rules of Conduct 1.2 (a).

6. Defendant, has a duty to vindicate the Plaintiff, as State in Alaska Rules of Professional Conduct 1.3, COMMENT. "A lawyer should pursue a matter on behalf of a client..... and take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor."

V. LEGAL CLAIM

1. Plaintiff alleges and incorporate by reference paragraphs 1-11.

2. The violation of due process and effective assistance of counsel violated Plaintiff, William Howarth, JR's rights by means of depriving his right to effective assistance of Counsel guarenteed under United States Constitution Amendment V and XIV.

3. The Plaintff has no plan, adequate or complete remedy at law to redress the wrongs described herein, Plaintiff has been and will be irreparably injured by the Conduct of the defendant's omission unless this court grants the declatory and injunctive relief which Plaintiff seeks.

VI. PRAYER FOR RELIEF WHEREFORE, Plaintiff respectfully Prays that this court enter Judgment granting Plaintiff:

1. A declaration that the acts and omissions described herein violated Plaintiff's rights under the Constitution and laws of the United States.

2. A preliminary and permanent injunction ordering defendant, Kevin Coe to order him to raise proper due process violation remedy's to the Court holding Jurisdiction, or withdrawl from representing the Plaintiff for another attorney to vindicate the issue within a timely manner.

3. Compensatory damages in the amount of $150,000 against the defendant.

4. Punitive damages in the amount of $1,000 each day the defendant had possession of Plaintiff's case.

5. A jury trial on all issues triable by jury.

6. Plaintiff's costs in this suit.

7. Any additional relief this Court deems just, proper and equitable.

8. Respectfully submitted: William Howarth, JR. Dated:

VERIFICATION

I have read the foregoing Complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief not within control of Plaintiff; facts submitted are believed to be true. I certify under under the penalty of perjury that the foregoing is true and correct. Executed at Anchorage, Alaska 99501 on 28th october 2020.

William Howarth, JR. (Plaintiff)

William Howarth Jr 340905
Anchorage Correctional Complex
1300 East 4th Ave
Anchorage Alaska
99501-2815

United States District court
222 west 7th Ave Box 4
Anchorage Alaska 99513-7564

